## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| NATHANIEL JONES III, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-08-0001 |
| | § | |
| THE PARK AT LAKESIDE APARTMENTS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

This is a False Claims Act prosecuted by three *pro se* litigants, one of whom is in prison. The United States has declined intervention.

A review of the case law reveals that *pro se* litigants may not prosecute a False Claims Act suit. An individual wanting to prosecute or defend an action in federal court must be represented by a lawyer admitted to practice before that court, unless such individual is permitted to proceed *pro se* under 28 U.S.C. § 1654 or other federal law, *see C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697-98 (9th Cir.1987), or is himself an attorney granted *pro hac vice* admission. The general *pro se* provision set forth in 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." Under this provision, absent some other statutory authorization, a *pro se* litigant has no authority to prosecute an action in federal court on behalf of others than himself. *C.E. Pope Equity Trust,* 818 F.2d at 697. But this is exactly what the relators in this case seek to do.

The relators, Nathaniel Jones III, Nikkie Balazs, and Tammy Coleman, have brought this action under 31 U.S.C. § 3730(b)(1), which provides that a "person," known as the relator, "may bring a civil action for a violation of section 3729 for the person *and for the United States Government* . . . in the name of the Government." 31 U.S.C. § 3730(b)(1) (emphasis added). "The entire purpose of the FCA's *qui tam* provisions is to employ the help of individuals to uncover fraud against the government." *United States ex rel. Kelly v. Boeing Co.,* 9 F.3d 743, 748 (9th Cir.1993). The FCA motivates "a private individual [to] bring suit in federal court *on behalf of the United States*" by effecting a partial assignment of the government's damages claim to the relator. *Stevens,* 529 U.S. at 768, 120 S.Ct. 1858 (emphasis added).

The FCA makes clear that notwithstanding the relator's statutory right to the government's share of the recovery, the underlying fraud claim always belongs to the government. *See* 31 U.S.C. § 3730(c)(5) (providing that "the Government may elect to pursue *its claim* through any alternate remedy" (emphasis added)). When, as here, the government chooses not to intervene, a relator bringing a *qui tam* action for a violation of § 3729 is representing the interests of the government and prosecuting the action on its behalf. *See* 31 U.S.C. § 3730(b)(1); *see also United States v. Schimmels (In re Schimmels),* 127 F.3d 875, 882 (9th Cir.1997) ("[T]he 'United States is the real party in interest in any False Claims Act suit, even when it permits a *qui tam* relator to pursue the action on its behalf.'" (quoting *United States ex rel. Milam v. Univ. of Tex. M.D. Anderson Cancer Ctr.,* 961 F.2d 46, 50 (4th Cir.1992))); *Kelly,* 9 F.3d at 743 ("The express language of the FCA gives relators the right to bring suit *on behalf of the government*." (emphasis added)). Because *qui tam* relators are

2

not prosecuting only their "own case" but also representing the United States and binding it to any adverse judgment the relators may obtain, section 1654 does not authorize *qui tam* relators to proceed *pro se* in FCA actions.

Because the general *pro se* provision, 28 U.S.C. § 1654, does not authorize the relators proceed *pro se* on behalf of the government, there must be an alternate source of authority to do so. The FCA itself does not authorize a relator to prosecute a § 3729 violation *pro se.*

The conclusion that a *pro se* relator cannot prosecute a *qui tam* action is consistent with the decisions of the circuits addressing the issue. *See Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126 -1128 (9th Cir. 2007); *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir.2004); *Timson v. Sampson,* 518 F.3d 870, 872 -874 (11th Cir. 2008); *U.S. ex rel. Mergent Services v. Flaherty,* 540 F.3d 89, 92 -94 (2d Cir. 2008); *see also Safir v. Blackwell,* 579 F.2d 742, 745 n.4 (2d Cir.1978); *United States v. Onan,* 190 F.2d 1, 6 (8th Cir.1951).

The relators are not entitled to proceed *pro se* in this action. Before dismissing the case, this court will allow the relators sixty days, or until January 5, 2009, to have counsel file an appearance. If that does not occur, this action will be dismissed.

SIGNED on November 5, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge